UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNIE LEE DUBOISE,

    Plaintiff,

v.

OFFICER MATTHEW PIAZZA,

    Defendant.

Case No. 24-10706
Honorable Laurie J. Michelson

**ORDER REMANDING CASE FOR LACK OF JURISDICTION AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [3]**

In February 2024, Donnie DuBoise sued Davison Township Police Officer Matthew Piazza in Michigan state court. *See DuBoise v. Piazza*, No. 24-120476-CZ (Mich. 7th Cir. Ct. Feb. 26, 2024), *available at* (ECF No. 1-2). His claims stem from a January traffic stop and arrest that resulted in a misdemeanor driving charge in state court. *See Davison Township v. DuBoise*, No. 24-24B00112-OT (Mich. 67th Dist. Ct. filed Jan. 22, 2024), *available at* (ECF No. 3-3). In March, Piazza filed a notice of removal in this Court (ECF No. 1), then moved to dismiss DuBoise's complaint (ECF No. 3). Not yet certain of its subject matter jurisdiction over DuBoise's claims, the Court issued a show-cause order directing Piazza to demonstrate that removal was proper. (ECF No. 7; *see* ECF No. 8 (Piazza's response).) When Piazza's response failed to clarify, the Court instructed DuBoise to reply to Piazza's response and "explain

in his own words why he has sued Piazza." (ECF No. 9, PageID.65; *see* ECF No. 10 (DuBoise's response).)

Given the information provided by the parties and the deficiencies identified in prior orders (*see* ECF No. 7, PageID.53–54; ECF No. 9, ECF No.65; ECF No. 11, PageID.70), the Court concludes that it lacks subject matter jurisdiction and orders this case remanded to state court. The Court is still unable to discern a federal cause of action among DuBoise's allegations—or among Piazza's characterizations of DuBoise's allegations. Indeed, Piazza has failed to satisfy his burden of "demonstrating that the case as pled falls within the federal question jurisdiction of the district court." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1061 (6th Cir. 2008); *see Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction."). And "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "Hence, in a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory . . . ." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496–97 (6th Cir. 1999).

Thus, because this Court lacks subject matter jurisdiction, the case is REMANDED to the 7th Judicial Circuit Court for Genesee County, where DuBoise initially filed suit. And Piazza's motion to dismiss (ECF No. 3) is DENIED as moot.

SO ORDERED.

Dated: May 31, 2024

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE